AO241 (Rev. 10/07)

Page 1

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: **EASTERN DISTRIST OF LOUISIANA** |
|---|---|
| Name (under which you were convicted): **JAMES EARL** | Docket or Case No: **17-4723** |
| Place of Confinement: **RAYBURN CORRECTIONAL CENTER** | Prisoner No: 430611 |
| Petitioner (include the name under which you were convicted) **JAMES EARL** v | Respondent (authorize person having custody of petitioner) **ROBERT TANNER, WARDEN RAYBURN CORRECTIONAL CENTER** |
| The Attorney General of the State of Louisiana | **SECT. A MAG. 2** |

PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   **22ND Judicial District Court, Parish of St. Tammany**

   (b) Criminal docket or case number (if you know: **11 CR5 112566**

2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing:

3. Length of sentence: **35 years**

4. In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  X No

5. Identify all crimes of which you were convicted and sentenced in this case: **Manslaughter**

6. (a) What was your plea? (Check one)

   X (1) Not guilty       ☐ (3) Nolo contendere (no contest)

   ☐ (2) Guilty          ☐ (4) Insanity plea

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

**TENDERED FOR FILING**

MAY 0 3 2017

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

(c) If you went to trial, what kind of trial did you have? (Check one)

     X  Jury      ❑  Judge only   ❑

7. Did you testify at a pretrial hearing, trial or a post-trial hearing?

     ❑  Yes     ❑  No

9. If you did appeal, answer the following:

   a. Name of court: **1st Circuit Court of Appeal**

   b. Docket or case number (if you know): **unpublished opinion**

   c. Result: **Affirmed**

   d. Date of result: **2015-KA-1383**

   e. Citation to the case (if you know): **unpublished opinion**

   f. Grounds raised: **N/A**

   (g) Did you seek further review by a high state court?    X Yes    ❑ No

      If yes, answer the following:

      (1) Name of court: **Louisiana Supreme Court**

      (2) Docket or case number (if you know):

      (3) Result: **Denied**

      (4) Date of result: **December 5, 2016**

      (5) Citation to the case (if you know):

      (6) Grounds raised: **N/A**

   (h) Did you file a petition for certiorari in the United States Supreme Court?   ❑ Yes   X No

      If yes, answer the following:

      (1) Docket or case number (if you know): **N/A**

      (2) Result: **N/A**

      (3) Date of result (if you know): **N/A**

      (4) Citation to the case (if you know): **N/A**

   10.  Other than the direct appeals listed above, have you previously filed any petitions, applications, or motions concerning this judgment of conviction in any state court?   ❑ Yes   ❑ No

AO241
(Rev. 10/07)

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of Court: **N/A**

(2) Docket or case number (if you know): **N/A**

(3) Date of filing (if you know): **N/A**

(4) Nature of the proceeding: **N/A**

1) (5) Grounds raised: **N/A**

2) (6) Did you receive an evidentiary hearing on your petition, application or motion?

❑ Yes      X   No

(7) Result: **N/A**

(8) Date of result (if you know): **N/A**

(b) If you filed any second petition, application or motion give the same information:

(1) Name of court: **N/A**

(2) Docket or case number (if you know): **N/A**

(3) Date of filing (if you know): **N/A**

(4) Nature of the proceeding: **N/A**

(5) Grounds raised: **N/A**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❑ Yes      ❑ No

(7) Result: **N/A**

(8) Date of result (if you know): **N/A**

(c) If you filed any third petition, application, or motion, given the same information:

(1) Name of Court: **N/A**

(2) Docket or case number (if you know): **N/A**

(3) Date of filing (if you know): **N/A**

(4) Nature of the proceeding: **N/A**

(5) Grounds raised: **N/A**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
❑ Yes      ❑ No

AO241  Page 4
(Rev. 10/07)

(7) Result: **N/A**

(8) Date of result (if you know): **N/A**

(d) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

| | | | |
|---|---|---|---|
| (1) First petition: | X Yes | ☐ No | |
| (2) Second petition: | ☐ Yes | ☐ No | |
| (3) Third petition: | ☐ Yes | ☐ No | |

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, Laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground..

<u>Caution: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies as to each ground on which you request action by the federal court. Also, if you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE: The Trial Court erred in denying the Motion to Suppress the statement where the defendant's interview was conducted while he was under the influence of pain medication and sleep deprivation**

(a) Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.):

**(SEE MEMORANDUM IN SUPPORT OF HABES CORPUS)**

(b) If you did not exhaust your state remedies on Ground One, explain why: **Exhausted all remedies**

(c) **Direct Appeal of Ground One:**

(1) If you appealed form the judgment of conviction, did you raise this issue? X Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: **Raised and exhausted**

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

X Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **N/A**

Name and location of the court where the motion or petition was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(3) Did you receive a hearing on your motion or petition? ☐ Yes X No

(4) Did you appeal from the denial of your motion or petition? X Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal? X Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

**N/A**

(e) **Other remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have Used to exhaust your state remedies on Ground One: **N/A**

# GROUND TWO: The evidence was legally insufficient to convict James Earl of manslaughter; thus, the trial court erred in refusing to grant a post-verdict judgment of acquittal

(a) Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.):

**(SEE MEMORANDUM IN SUPPORT OF HABES CORPUS)**

(b) If you did not exhaust your state remedies on Ground Two, explain why: **Exhausted all remedies**

(c) **Direct Appeal of Ground Two:**

(1) If you appealed form the judgment of conviction, did you raise this issue? X Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: **Raised and exhausted**

(d) Post-Conviction Proceedings:

a. Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

X Yes ☐ No

b. If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **N/A**

Name and location of the court where the motion or petition was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(3) Did you receive a hearing on your motion or petition?    ❏ Yes ❏ No

(4) Did you appeal from the denial of your motion or petition?    ❏ Yes ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal?    ❏ Yes ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

(e) **Other remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have Used to exhaust your state remedies on Ground Two: **N/A**

13. Please answer these additional question about the petition you are filing:

    (a) Have all grounds for relief that you have presented in this petition been presented to the highest state court having jurisdiction?    X Yes ❏ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, Ground or grounds have not been presented, and state your reasons for not presenting them:

    NO

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ❏Yes    No X

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

AO241
(Rev. 10/07)

Page 7

        of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ❑ Yes     X No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

_____

16. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: **N/A**

   (b) At arraignment and plea: **N/A**

   (c) At trial: **N/A**

   (d) At sentencing: **N/A**

   (e) On appeal: **N/A**

   (f) In any post-conviction proceeding: **pro se**

   (g) On appeal from any adverse ruling in a post-conviction proceeding: **pro se**

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment that you are challenging?    ❑ Yes     X No

18. **TIMELINESS OF PETITION**: If your judgment of conviction became final over one year ago, you must explain The one-year statue of limitation as contained in **28 U.S.C. § 2244(d)** does not bar your petition.*

**This Petition has been filed within the one year time allowed under the AEDPA Act, and if exceptional circumstances are needed then the Petitioner asserts that his conviction and sentence are in clear violation of the VI Amendment to the Untied States Constitution and warrant review by this Honorable Court in the interest of Justice.**

_Mr. James Earl #430611_
**Petitioner**

AO241 (Rev. 10/07)   Page 8

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction of other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:
**That the Conviction and sentence imposed under be hereby reversed and an original sentence of the trial court be imposed or any other relief to which petitioner may be entitled.**

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system of Rayburn Correctional Center.

Executed (signed) on _____ day of _____, 2016.

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

MEMORANDUM OF LAW
IN SUPPORT OPF PEITION FOR WRIT OF HABEAS CORPUS

STATEMENT OF CASE

On March 18, 2011, the 22nd Judicial District Court indicted James Earl for second degree murder, in violation of La. R.S. 14:30.1 (Count I), and conspiracy to commit second degree murder, in violation of La. R.S. 14:26:30.1 (Count II).[1] At his arraignment, Mr. Earl pled "not guilty by reason of insanity".[2] After the convening of a sanity commission, Mr. Earl was found competent to proceed and he changed his pleas to "not guilty".[3]

There were various pre-trial motions filed, none of which are relevant to this appeal except for the motion to suppress Mr. Earl's confession, which was heard and denied during the midst of a trial.[4] After trial by jury on Count I, Mr. Earl was found guilty of the lesser responsive crime of manslaughter.[5]

Mr. Earl filed a post-trial motion for a post verdict judgment of acquittal, as well as for a new trial, both of which were denied.[6] Immediately thereafter, Mr. Earl waived sentencing delays and was sentenced to thirty-five years in prison.[7]

---

[1] R., Vol. I, p. 53.

[2] R., Vol. I, p. 1.

[3] R., Vol. I, p. 1, 17, 20, 25.

[4] R., Vol. I, p. 113; Vol. III, p. 409-411.

[5] R., Vol. I, p. 30; Vol. III, 580. Undersigned counsel was unable to ascertain from the record what happened on Count II, as there was no amendment to the indictment within the record or other indication within the minutes or the transcripts. Nevertheless, it is clear that he was only tried on Count I in this proceeding.

[6] R., Vol. I, p. 31; Vol. III, p. 584.

[7] R., Vol. I., p. 26-27.

1

## FACTS OF THE CASE

On the evening of January 6, 2011, Terry Lyons was sitting in the passenger seat of Richie Matins vehicle. Ricky Magee and defendant, James Earl, got out of one of the cars and Donald Dawson got out of the other car, while his girlfriend waited in the car. One of the three men began hitting Terry Lyons with a two by four board and then shot him in the chest through the windshield of Richie's vehicle when he retreated back into the passenger seat.

The witness to Mr. Lyon's death were inconsistent in identifying the perpetrator from the time of the investigation until the time of trial. Initially, Richie Martin identified a man who was not even at the scene.[8] He later admitted to lying and making a false accusation because he was scared to death of Mr. Magee, from whom he had purchased drugs in the past. At trial, Mr. Martin's testimony was contradictory – at one point he said that the one that beat and shot Mr. Lyons was Mr. Earl, but he later said that it was Mr. Magee.[9] He then said he didn't know who did it.[10]

Donald Dawson, a/k/a "Pee Wee", who plead guilty to manslaughter and agreed to testify for the State in exchange for a lenient ten year sentence, testified that Mr. Earl did the beating and the shooting, which was what he had told the police within days of the incident.[11] Mr. Dawson also denied being in possession of a gun that evening.

Mr. Dawson's girlfriend, Tessie Starnes, who claimed to have stayed in the car during the incident, initially told the police that she didn't see the perpetrator's face, but that she might be able to identify him if she saw his whole body. After she was arrested for being involved in the

---

[8] R., Vol. III, p. 431-432.

[9] R., Vol. II, p. 365, 384, 386, 391.

[10] R., Vol. II, p. 391.

[11] R., Vol. II, p. 394.

crime, she identified Mr. Earl as the perpetrator, which is what she testified to at trial. She claimed that she had not identified the perpetrator initially because she was deathly afraid of Mr. Magee. She also contradicted Mr. Dawson's testimony, saying that Mr. Dawson had brought a gun with him that night, keeping it in his lap as they were driving to the scene and then taking it with him as he got out of the car.[12]

Mr. Earl testified in his defense. He indicated that he had given a statement to the police on January 13, 2011 falsely confessing to the crime due to his fear of Mr. Magee.[13] He said that he and Mr. Magee, who are cousins, had gone to the scene with the intent to fight Mr. Lyons.[14] Mr. Earl admitted to hitting Mr. Lyons with his fist in an attempt to prove something to Mr. Magee.[15] He corroborated Ms. Starnes' testimony that Mr. Dawson had a gun that night and also indicated that Mr. Dawson is the one who shot Mr. Lyons.[16]

The State's evidence was internally inconsistent and contradictory, as well as obviously motivated by either fear of prosecution or fear of retribution from James Earl's co-defendant, Ricky Magee, such that it was unworthy of belief and could not properly form the basis for a conviction beyond a reasonable doubt. Accordingly, the court should have granted Mr. Earl's motion for post-verdict judgment of acquittal.

Further, James Earl's confession was also shown to have been motivated by fear of co-defendant Ricky Magee, in addition to being suspect due to impairment from pain medication

---

[12] R., Vol. III, p. 480.

[13] R., Vol. III, p.

[14] R., Vol. III, p. 501, 504.

[15] R., Vol. III, p. 501.

[16] R., Vol. III, p. 501.

and drowsiness, to the extent that it should have been suppressed. Without the admission of the false confession, it is more likely than not that Mr. Earl would not have been convicted.

## LAW ARGUMENT

**GROUND #1**

**The trial court erred in denying the Motion to Suppress the statement where the defendant's interview was conducted while he was under the influence of pain medication and sleep deprivation.**

In a hearing on a motion to suppress, the state has the burden of proof on the admissibility of any statement or confession. Louisiana Code of Criminal Procedure Art. 703. In this case, James Earl, gave a recorded statement to the police a few days after Terry Lyons had been killed, wherein he confessed to being the one who had killed him.

In this interview, Mr. Earl indicated that he was on marijuana and cocaine at the time of the incident.[17] He also informed the detective that he was taking pain medication for his back (scoliosis of the spine) and was drowsy during the interview.[18] Despite these indications that he was interviewing a drug user, who admittedly had used illegal substances a few days before, in addition to being currently impaired by pain medication, the detective was not dissuaded from continuing. He made no effort to ascertain the extent of Mr. Earl's impairment to determine whether he was lucid enough for an interview.

Before an inculpatory statement made during a custodial interrogation may be introduced into evidence, the State must prove, beyond a reasonable doubt, that the defendant was first advised of his Miranda rights, that he voluntarily and intelligently waived his Miranda rights, and

---

[17] R., Vol. III, p. 411.

[18] R., Vol. III, p. 411.

that the statement was made freely and voluntarily and not under the influence of fear, intimidation, menaces, threats, inducements, or promises. Whether a defendant's purported waiver of Miranda rights was voluntary is determined by the totality of the circumstances. The critical factor in a knowing and intelligent waiver is whether the defendant was able to understand the rights explained to him and voluntarily gave the statement. **Loeb v Tanner,** August 19, 2015, 2015 U.S. District, LEXIS 140380.

If a suspect is chemically impaired and sleep deprived, how can it be said that he gave a statement of his own free will? The waiver of constitutional rights is too important to be presumed. The State failed to carry its burden that the statements were freely and voluntarily given, as it was not proven that there was an intelligent and informed waiver of his constitutional rights due to his impaired mental state. Therefore, the trial court abused its discretion in denying the motion to suppress, even after the Detectives testified in court that they had questioned the Appellant as to the type of medication he was on and never ascertained whether this medication would substantiate that the Appellant was coherent during the initial questioning.

**ASSIGNMENT OF ERROR #2**

**The evidence was legally insufficient to convict James Earl of manslaughter; thus, the trial court erred in refusing to grant a post-verdict judgment of acquittal.**

James Earl's conviction for manslaughter was not sufficiently supported by the evidence. The evidence presented by the state was internally inconsistent and contradictory, making it unworthy of belief. Every witness presented by the State was shown to have lied at some point in the process about critical points.

that the statement was made freely and voluntarily and not under the influence of fear, intimidation, menaces, threats, inducements, or promises. Whether a defendant's purported waiver of Miranda rights was voluntary is determined by the totality of the circumstances. The critical factor in a knowing and intelligent waiver is whether the defendant was able to understand the rights explained to him and voluntarily gave the statement. **Loeb v Tanner,** August 19, 2015, 2015 U.S. District, LEXIS 140380.

If a suspect is chemically impaired and sleep deprived, how can it be said that he gave a statement of his own free will? The waiver of constitutional rights is too important to be presumed. The State failed to carry its burden that the statements were freely and voluntarily given, as it was not proven that there was an intelligent and informed waiver of his constitutional rights due to his impaired mental state. Therefore, the trial court abused its discretion in denying the motion to suppress, even after the Detectives testified in court that they had questioned the Appellant as to the type of medication he was on and never ascertained whether this medication would substantiate that the Appellant was coherent during the initial questioning.

**ASSIGNMENT OF ERROR #2**

**The evidence was legally insufficient to convict James Earl of manslaughter; thus, the trial court erred in refusing to grant a post-verdict judgment of acquittal.**

James Earl's conviction for manslaughter was not sufficiently supported by the evidence. The evidence presented by the state was internally inconsistent and contradictory, making it unworthy of belief. Every witness presented by the State was shown to have lied at some point in the process about critical points.

One witness (Richie Martin) testified that the perpetrator was Mr. Earl, then said it was Mr. Magee, then said he didn't know who it was. This is the same witness that admitted pointing the finger at an innocent person during the investigation because of his fear of Mr. Magee.

Another state witness (Donald Dawson, a/k/a "Pee Wee") testified that Mr. Earl was the perpetrator. He also claimed that he did not have a gun with him that night, although his girlfriend (Tessie Starnes) claimed that he did have a gun with him that evening and that he took it with him when he got out of the car at the scene. This witness testified in accordance with a very favorable plea deal with the State, whereby he only received ten years for manslaughter.

The final eye witness presented by the State had denied seeing the perpetrator's face for months. Once she was arrested as a principal to the crime, and having been visited by Mr. Magee on a couple of occasions, she changed her story, claiming that it was Mr. Earl. After changing her story, the prosecution against her was dropped.

In addition to the huge inconsistencies in the state's case, the evidence was overwhelming that all of the witnesses were motivated to testify in a certain manner due to their extreme fear of Mr. Magee.

In reviewing a claim of insufficiency of the evidence in a criminal case, the Due Process Clause of the Fourteenth Amendment to the United State's Constitution requires the court to determine whether the evidence is minimally sufficient.

The standard for reviewing a claim of insufficient evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the evidence establishes the essential elements of the crime beyond a reasonable doubt." **United States v. Bellew**, 369 F.3d 450, 452 (5th Cir. 2004) (quoting **Jackson v. Virginia**, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)

6

The evidence presented in this case was insufficient to establish Mr. Earl's guilt beyond a reasonable doubt when viewing it from the perspective of a *rational* fact-finder. It was clear that the testimony of the state's witnesses, as well as the false confession of Mr. Earl, was being manipulated by fear of Mr. Magee, as well as inducements from the State (lenient plea deal for Mr. Martin and no prosecution for Ms. Starnes). Viewing all of the evidence as a whole, no rational trier of fact could have found that the state's witnesses were worthy of belief.

## CONCLUSION

Wherefore Appellant Prays the Honorable Court grant the foregoing Application for Writ of certiorari and reverse the conviction and sentence of the Appellant due to the violation of Appellant's *Constitutional Rights to the, V, VI, XIV Amendment of the United States Constitution*. The Detectives in this case testified that the Appellant was under medication and should have ascertained exactly what type of medication that the Appellant had consumed before questioning the Appellant even further. Also, during this Trial there were several testimonies given by witness for the State that were inconsistent. Due to the witnesses being charged with Principal of the crime, they came forward and testified against the Appellant when at the beginning of the interview stage they could not even recognize the Appellant or know who he was.

## PRAYER

WHEREFORE Appellant PRAYS that this foregoing Application for Writ of Habeas Corpus be granted and a reversal be warranted herein.

Respectfully, submitted,

*[signature: Mr. James Earl #430611]*

James Earl #430611
Rayburn Correctional Center
27268 HWY 21
Angie, Louisiana 70426

8

James Earl #430611
Rayburn Corr. Center
27268 Hwy 21 N.
Angie, Louisiana
70426

"LEGAL MAIL"

NOT CENSORED
Not Responsible for
MAY 02 2017
RAYBURN CORRECTION CENTER

C/151

United States District Clerk's Office
William W. (Bill) Blevins, Clerk
500 Poydras St. Rm 151
New Orleans, La. 70130



